# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

LILLIE M. MIDDLEBROOKS,
Appellant,

v.

SOCIAL SECURITY
ADMINISTRATION,
Agency.

DOCKET NUMBER
PH-4324-14-0554-I-1

DATE: September 22, 2014

# THIS ORDER IS NONPRECEDENTIAL[*]

Lillie M. Middlebrooks, Fairfax, Virginia, pro se.

Stephen Ball and Timothy Patrick Reiley, Philadelphia, Pennsylvania, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

## REMAND ORDER

¶1 The appellant has filed a petition for review of the initial decision, which dismissed the appeal for lack of jurisdiction. For the reasons discussed below, we

---

[*] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

GRANT the appellant's petition for review and REMAND the case to the regional office for further adjudication in accordance with this Order.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶2      This appeal originates from a February 2014 Final Order denying the appellant's Veterans Employment Opportunities Act of 1998 nonselection claim. MSPB Docket No. PH-3330-13-0012-I-1, Final Order (Feb. 28, 2014). In the decision, the Board forwarded a separate claim for docketing under the Uniformed Services Employment and Reemployment Rights Act of 1994 (codified at 38 U.S.C. §§ 4301-4333) (USERRA). Final Order at 3. In March 2014, the administrative judge issued an acknowledgment order, ordering the appellant to file a statement within 10 days indicating whether she wished to file her USERRA appeal directly with the Board or whether she wished Board proceedings to be delayed in order for her to file a complaint with the Department of Labor (DOL). Initial Appeal File (IAF), Tab 2 at 2. The appellant did not respond. In July 2014, the administrative judge issued an initial decision dismissing the appeal for lack of jurisdiction. IAF, Tab 3, Initial Decision (ID). The appellant has filed a timely petition for review alleging, inter alia, that she was not hired due to her status as a disabled veteran, and that she is entitled to a hearing. Petition for Review (PFR) File, Tab 1 at 4. The agency has responded in opposition to the petition for review. PFR File, Tab 3.

¶3      It is well settled that an appellant must receive explicit information on what is required to establish an appealable jurisdictional issue. *See, e.g.*, *Burgess v. Merit Systems Protection Board*, 758 F.2d 641, 643-44 (Fed. Cir. 1985). The March 2014 acknowledgment order outlined the requirements for establishing Board jurisdiction over a USERRA claim. IAF, Tab 3. On review, the appellant claims that she did not receive the order. PFR File, Tab 1 at 6. The acknowledgment order was served electronically upon the appellant. IAF, Tab 2. However, the appellant had not registered to e-file in the current appeal at the

time the order was issued and had therefore not consented to electronic service. *See* 5 C.F.R. § 1201.14(e)(5) (registration as an e-filer applies only to a single appeal or proceeding as well as certain related proceedings not applicable here). Thus, the order is not deemed to have been received based upon status as an e-filer. *See Rivera v. Social Security Administration*, 111 M.S.P.R. 581, ¶ 5 (2009) (documents are deemed received by e-filers on the date of electronic submission). Additionally, unlike appellants who had been registered as e-filers, the appellant was not responsible for monitoring the e-Appeal system at the time the order was issued. *See* 5 C.F.R. § 1201.14(j)(3). Accordingly, we accept the appellant's assertion that she did not receive the order.

¶4          An administrative judge's failure to provide an appellant with proper *Burgess* notice can be cured if the initial decision itself puts the appellant on notice of the requirements to establish jurisdiction. *Mapstone v. Department of the Interior*, 106 M.S.P.R. 691, ¶ 9 (2007). The Board will then determine whether it has jurisdiction based upon the appellant's allegations in the petition for review. *Id*. In this case, the initial decision outlined the requirements for establishing Board jurisdiction in a USERRA discrimination appeal. ID at 2-3. We therefore consider the petition for review to determine whether jurisdiction has been established.

¶5          To establish jurisdiction under 38 U.S.C. § 4311(a), an appellant must allege that: (1) she performed duty or has an obligation to perform duty in a uniformed service of the United States; (2) the agency denied her initial employment, reemployment, retention, promotion, or any benefit of employment; and (3) the denial was due to the performance of duty or obligation to perform duty in the uniformed service. *Hillman v. Tennessee Valley Authority*, 95 M.S.P.R. 162, ¶ 5 (2003). The Board will broadly and liberally construe a claim under USERRA to determine whether the appellant has made nonfrivolous allegations of jurisdiction. *Id*. The appellant argues that the agency did not refer her application to the selecting official because she is a disabled

veteran and that she was discriminated against based on her affiliation with the military.  PFR File, Tab 1 at 4, 8.  We find that these allegations are sufficient to constitute a nonfrivolous claim under 38 U.S.C. § 4311(a).  *See Searcy v. Department of Agriculture*, 115 M.S.P.R. 260, ¶ 8 (2010) (finding that despite the fact that the appellant's allegations below were vague and lacking specificity, he established jurisdiction over his USERRA claim by alleging that he performed duty in a uniformed service of the United States, the agency was aware of his prior uniformed service, and the agency denied him employment in a position because of his prior uniformed service).

¶6      The appellant has indicated that she wants a hearing and has not stated that she has a pending DOL complaint.  PFR File, Tab 1.  Therefore, the appellant is entitled to a remand for further development of the record, her requested hearing, and adjudication on the merits.  *See Downs v. Department of Veterans Affairs*, 110 M.S.P.R. 139, ¶¶ 17-18 (2008) (once an appellant has established Board jurisdiction over her USERRA claim, she has an unconditional right to a hearing on the merits of the claim).

## ORDER

For the reasons discussed above, we REMAND this case to the regional office for further adjudication in accordance with this Remand Order.

FOR THE BOARD:                    _____
                                  William D. Spencer
                                  Clerk of the Board

Washington, D.C.